# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| CNH CAPITAL AMERICA, LLC, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No.   CV608-027 <br> ) |
| SOUTHEASTERN AGGREGATE, INC., and CLEONE B. BROWN, | ) <br> ) <br> ) |
| Defendants, | ) |
| v. | ) <br> ) |
| ATLANTIC COASTAL EQUIPMENT, LLC, | ) <br> ) <br> ) |
| Third-Party Defendant. | ) |

## **ORDER**

This Court granted the unopposed motions (docs. 54, 55) of defense attorney Jon A. Levis, along with his firm, Merrill & Stone, LLC, to withdraw from representation of defendants Southeastern Aggregate Inc. and Cleone B. Brown. Doc. 61. Constrained to conduct a Status Conference in which counsel for *all* parties must meet and confer, the attorneys for plaintiff CNH Capital America, LLC and third-party

defendant Atlantic Coastal Equipment, LLC have sent a letter[1] (attached) to the undersigned, seeking instruction because, they say: (a) corporations must always be represented by legal counsel; and (b) Southeastern Aggregate Inc. is now unrepresented.

> These parties are correct:
>
> "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). "As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Id.* at 202. Thus, a partnership may not appear in court except through an attorney. [footnote omitted] "This rule applies even when the person seeking to represent the corporation is its president and major stockholder." *Federal Trade Commission v. Gem Merchandising Corp.*, 1995 WL 623168 at *1 (11th Cir.1995).

*American Resources Ins. Co. v. Evoleno Co.*, 2008 WL 4701350 at *1 (S.D.Ala. Oct. 23, 2008) (unpublished). In addition,

> [t]he failure of an artificial entity to obtain counsel, in violation of a court order or rule to do so, has repeatedly been held to support default judgment, even absent violations of other rules or orders. *E.g., Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d

---

[1] Letters are not welcome in this Court. Motions, briefs, etc., get filed; letters get lost. The law places the burden upon litigants, not judges, to create their own record by filing record materials -- including legal arguments best presented in a motion or brief -- directly with the Clerk of Court. *See In re Unsolicited Letters to Federal Judges,* 120 F.Supp.2d 1073 (S.D.Ga. 2000); *see also* GA.CT.APP.R. 27(b) ("Parties are not permitted to file letter briefs nor letter cites") (Feb. 2008). Here the parties should have simply filed a "Motion To Modify Status Conference Directive" or some equivalent.

2

993, 998 (9th Cir.2007); *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2nd Cir.2006); *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir.2001).

*Id.*, 2008 WL 4701350 at * 3. Finally,

> [o]nce an attorney has made an appearance for a corporation, it is not a violation of the rule requiring a corporation to be represented by counsel to allow the attorney to withdraw from the case. The effect of the withdrawal of counsel does not leave the corporation in a position to represent itself; rather, it leaves the corporation without representation and forces it to either bring in substitute counsel or forfeit its rights.[2]

9A WILLIAM MEADE FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS § 4463 (*Corporation to make appearance through attorney*) (Sep. 2008) (footnote omitted and added); *see Thomas G. Ferruzzo, Inc. v. Superior Court,* 163 Cal. Rptr. 573, 575 (Cal. Ct. App. 1980) (given proper grounds, an attorney may be permitted by court to withdraw as

---

[2] To that end, Local Rule 83.6(f) provides:

> When an attorney dies, or is removed or suspended or ceases to act as such as hereinafter prescribed, a party to an action or proceeding for whom he was acting as attorney must, before any further proceedings are had in the action on his behalf, appoint another attorney or appear in person, unless such party is already represented by another attorney. Failure to so act or to so appear in person and to furnish his address to the Clerk shall constitute a *default* on his part.

Local Rule 83.6(f) (emphasis added). Note that withdrawing counsel gave his clients proper Local Rule 83.7 notice and they acknowledged, in writing, their duty to follow this Court's rules and the demands of this litigation. *See* docs. 54 (attach. 1); 55 (attach. 1).

3

corporation's attorney of record without offending rule against corporate self-representation) (California law).

Accordingly, Southern Aggregate is **ORDERED** to obtain representation within 10 days from the date this Order is served. Should it fail to do so, then the represented parties[3] shall thereafter be free to litigate accordingly (including the filing of any rights-forfeiting motions), and shall also be free to conduct the Status Conference without Southern Aggregates.

**SO ORDERED** this  26th  day of May, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[3] Their Scheduling Order is hereby amended, shifting all filing dates back by 30 days to accommodate this interim ruling and associated time span.

4

James H. Moore, III
Luanne Clarke ++
Willis A. DuVall, Jr.
W. Ralph Rodgers, Jr.
David A. Garland *
C. Jason Willcox
Edgar W. Duskin, Jr.
Kevin C. Gaulke
D. Bradley Folsom
Julie S. Irvin
G. Robert Ryan, Jr.
Wallace D. Bonner, Jr.
Donald E. Strickland, Jr.
Kim Mark Minix
Matthew D. Skilling
Ellen S. Golden
Matthew E. Eutzler ***
Ward Henneker, III +++
R. Lee Brown, Jr.
M. Drew DeMott ++++
Michael T. Hammond



## MOORE CLARKE DUVALL & RODGERS

ATTORNEYS AT LAW

2805 North Oak Street, Suite A
Valdosta, Georgia 31602
Telephone (229) 245-7823
Facsimile (229) 245-7825
E-mail: meutzler@mcdr-law.com

Reply to:
Valdosta Office

May 20, 2009

Atlanta Office
900 Circle 75 Parkway
Suite 1240
Atlanta, Georgia 30339
(770) 563-9339

Albany Office
2829 Old Dawson Road
Albany, Georgia 31707
(229) 888-3338

Of Counsel:
Michael C. Garvey
Allen H. Olson +

+ Also admitted in Nebraska
* Also admitted in Tennessee
*** Also admitted in Florida
++ Certified Mediator/Arbitrator
+++ Also admitted in Alabama
++++ Also admitted in South Carolina

**VIA OVERNIGHT MAIL AND HAND DELIVERY**

Hon. G.R. Smith
Magistrate Judge, U.S. District Court
Southern District of Georgia
United States Court House
125 Bull Street
Savannah, Georgia, 31401

RE: **CNH Capital America LLC v. Southeastern Aggregate, Inc. & Cleone Brown**
**U.S. District Court, Southern District, Georgia**
**Civil Action File No.: 08-CV-00027-BAE-GRS**
**MCDR File No.: 8010.045**

Dear Judge Smith,

On March 11, 2009, the Clerk filed the Court's Joint Status Report Instructions. (Doc. 58-2). In the Instructions, the Court directed counsel for the parties to meet and confer, in person, to conduct a joint conference and to prepare a joint status report. On April 23, 2009, the Court entered an Order granting Mr. Jon Levis' Motion to Withdraw as Attorney for Defendants Southeastern Aggregate, Inc. and Cleone Brown. (Doc. 61). Upon information and belief, Defendants have failed to obtain legal counsel since Mr. Levis' withdrawal. In that regard, the undersigned parties understand that Defendants are not represented by legal counsel.

Binding precedent would indicate that "[c]orporations must always be represented by legal counsel." Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984); Southwest Express Co., Inc. v. Interstate Commerce Commission, 670 F.2d 53, 55 (5th Cir. 1982). Accordingly, in light of the current inconsistency, the undersigned hereby respectfully request from Your Honor the Court's direction as to whether the undersigned parties' counsel should meet and confer with Southeastern Aggregate, Inc.'s designee while he is unrepresented by legal counsel. The undersigned counsel are more than happy to make themselves available for a telephonic status conference with the Court, should Your Honor so desire.

Thank you for Your Honor's kind consideration of this matter, and please do not hesitate to have your office contact the undersigned should the Court have any questions or concerns.

Hon. G.R. Smith
Magistrate Judge, U.S. District Court
Southern District of Georgia
United States Court House
125 Bull Street
Savannah, Georgia, 31401

|  |  |
|---|---|
| MOORE, CLARKE, DuVALL & RODGERS, P.C. | Sincerely,<br><br>OLIVER MANER, LLP |
| /s/ David A. Garland<br>David A. Garland<br>Georgia Bar No.: 50665<br>Matthew E. Eutzler<br>Georgia Bar No.: 102706<br>Attorneys for Plaintiff CNH Capital America, LLC<br>2805 North Oak Street, Suite A<br>Valdosta, Georgia 31602<br>Telephone: (229) 245-7823<br>Facsimile: (229) 245-7825<br>E-mail: meutzler@mcdr-law.com | /s/ Benjamin Perkins  w/ express permission<br>Benjamin M. Perkins<br>Georgia Bar No.: 140997<br>Attorneys for Third Party Defendant<br>Atlantic Coastal Equipment, LLC<br>PO Box 10186<br>Savannah, Georgia 31412<br>Telephone: (912) 236-3311<br>Facsimile: (912) 236-8725<br>E-mail: bperkins@olivermaner.com |

MEE:lab

cc:     Cleone Brown, via U.S. Mail and facsimile (912) 685-6533
        Southeastern Aggregate, Inc. c/o Lester J. Brown, via U.S. Mail and facsimile (912) 685-6533