UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CNH CAPITAL AMERICA, LLC,

Plaintiff,

v.  608CV027

SOUTHEASTERN AGGREGATE, INC., and CLEONE B. BROWN,

Defendants,

v.

ATLANTIC COASTAL EQUIPMENT, LLC,

Third-Party Defendant.

## ORDER

Before the Court is CNH Capital America ("CNH") and Atlantic Coastal Equipment's ("ACE") motions to dismiss and/or strike several of defendant Southeastern Aggregate Inc.'s ("SAI") pleadings in this case, based on SAI's failure to comply with this Court's Order that it obtain counsel following its original counsel's withdrawal. Doc. ## 71 & 72.

On 4/23/09, the Court granted the unopposed motion of defense attorney John A. Levis, along with his firm Merrill & Stone, LLC, to withdraw from representation of Southeastern Aggregate Inc. ("SAI") and Cleone B. Brown. Doc. # 61. When SAI, a corporation required by the Federal Rules of Civil Procedure and this Court's local rules to be represented by counsel, still had not secured replacement counsel as of 5/26/09, the Court ordered SAI to obtain representation within 10 days. Doc. # 62 at 4. The Court made clear to SAI that it could not proceed in this case "except through an attorney," which, the Court specifically explained, means that even the president and major stockholder of a company cannot represent that company *pro se*. *Id.* at 2 (quoting *Fed'l Trade Comm'n v. Gem Merch. Corp.*, 1995 WL 623168, at *1 (11th Cir. 1995)). On the tenth day, SAI moved the Court for a 60-day extension. Doc. # 64. The Court denied that motion, noting that some five weeks had passed since SAI's counsel's withdrawal. Doc. # 67.

On 6/29/09, the parties filed their Joint Status Report. Doc. # 70. According to the Report, SAI, "by and through its F.R.Civ.P. 30(b)(6) corporate designee Lester J. Brown, ... appeared at the [5/22/09] conference *pro se*." *Id.* at 2. Rule 30(b)(6), however, pertains to a corporation's ability to designate an "officer[], director[], or managing agent[]" to testify as a *witness* on its behalf when the corporation is subpoenaed for a deposition. F.R.Civ.P. 30(b)(6). It in no way authorizes such an individual to appear and represent a corporation *pro se* at an event such as a joint status conference, which is to be undertaken by "counsel for the parties." *See* doc. # 14-2 at 1. Lester J. Brown's appearance, to the extent it was an attempt to represent SAI *pro se* at the meeting, therefore, was improper.

Since then, based on SAI's continued failure to obtain replacement counsel, CNH, plaintiff and defendant-in-counterclaim, and ACE, third-party defendant to SAI's third-party complaint,[1] have filed motions seeking

---

[1] SAI's complaint against ACE was labeled a "third-party complaint" when it was filed. Doc. # 32. Later, however, the Court, upon motion by ACE, dismissed all of the claims in that complaint, save for a conspiracy claim, which SAI had also asserted as a counterclaim against CNH. Doc. # 68. As a result, the Court recharacterized the conspiracy claim against ACE as part of the conspiracy counterclaim against CNH, and thus made ACE a co-defendant to the conspiracy counterclaim. *Id.* Despite these

to dispose of all claims pertaining to SAI. Doc. ## 71, 72. Particularly, ACE moves the Court to strike SAI's answer and to strike SAI's third-party complaint against ACE, doc. # 71, while CNH moves the Court to dismiss SAI's counterclaims against it and to strike SAI's answer and enter default against SAI. Doc. # 72.

The parties are correct in their assertion that corporations may only appear in federal court through licensed counsel, *see Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993), and that, therefore, SAI's continued failure to secure replacement counsel must be addressed.

First, CNH and ACE move for dismissal of SAI's counterclaims and third-party complaint, respectively. Doc. # 72. Federal Rule of Civil Procedure 41(b) authorizes defendants to "move for dismissal of an action or of any claim against the defendant" where the plaintiff has failed "to prosecute or to comply with these rules or any order of the court." F.R.Civ.P. 41(b). This rule "appl[ies] to the dismissal of any counterclaim, cross-claim, or third-party claim." F.R.Civ.P. 41(c). Local Rule 41.1(b) supplements the federal rule by authorizing the Court to "dismiss any action or claim for want of prosecution, with or without prejudice [for a party's] ... willful disobedience or neglect of any order of the Court." S.D.Ga.L.R. 41.1(b). Both parties emphasize the fact that SAI has violated this Court's Order requiring it to secure counsel, and CNH specifically avers that SAI has been "neglectful or willfully disobedient of the Court's May 26, 2009 Order [by] failing

---

changes, ACE continues to refer to the claim against it as a "third-party complaint." Therefore, for simplicity's sake, and since the specific characterization of the claim is not material to the motions at issue here, the Court will refer to the conspiracy claim against ACE as the "third-party complaint."

to obtain representation." Doc. ## 71 at 2; 72 at 3.

Next, both ACE and CNH urge that SAI's answer to CNH's complaint for damages should be stricken pursuant to the above-enumerated rules, and that default should be entered against SAI pursuant to F.R.Civ.P. 55. Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." F.R.Civ.P. 55(a). CNH specifically argues that because "SAI continues to be unrepresented and cannot plead or otherwise defend as provided by the Federal Rules of Civil Procedure," SAI's answer should be stricken and default entered against SAI. Doc. # 72 at 4-5.

SAI has been fully aware for months that it can only participate in this lawsuit through licensed counsel. SAI has had more than four months (since its attorney gave notice of his intent to withdraw) to secure replacement counsel. It has nevertheless elected not to obtain counsel, hampering both its own participation in the case, as well as all three parties' abilities to make meaningful progress. Moreover, by sending a "corporate designee" to appear "*pro se*" on its behalf at a case-related proceeding, SAI blatantly disregarded the Court's directives. The Court's prior Orders put SAI on clear notice of the potential consequences of its failure to secure representation. SAI, however, has continued to disobey the Court's Order. Since SAI cannot prosecute its third-party claims or counterclaims without counsel, and since it refuses to obey this Court's Order to secure counsel, SAI's claims against CNH and ACE must be dismissed.

For substantially the same reasons, the Court additionally finds that default should

be entered in this case against SAI. Pursuant to F.R.Civ.P. 16(f)(C), this Court has the authority to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A), in pertinent part, authorizes the Court to "dismiss[] the action or proceeding in whole or in part" and "render[] a default judgment against the disobedient party." F.R.Civ.P. 37(b)(2)(A)(v)-(vi). To be sure, "the decision to enter a default judgment ought to be the last resort – ordered only if noncompliance is due to willful or bad faith disregard of court orders." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985). Nonetheless, "[t]he failure of an artificial entity to obtain counsel, in violation of a court order or rule to do so, has repeatedly been held to support default judgment, even absent violations of other rules or orders." *American Resources Ins. Co. v. Evoleno Co.*, 2008 WL 4701350, at *3 (S.D. Ala. 10/23/08) (citing *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007); *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2nd Cir. 2006); *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001)); *see also U.S. v. Hagerman*, 549 F.3d 536, 538 (7th Cir. 2008) ("[I]t bears emphasis that at any point in a federal litigation at which a party that is not entitled to proceed *pro se* finds itself without a lawyer though given a reasonable opportunity to obtain one, the court is empowered to bar the party from further participation in the litigation."). Here, more than two months have passed since this Court ordered SAI to obtain counsel. As SAI continues to refuse to comply with that Order (and with no end to that noncompliance in sight), the Court finds that the case should be entered into default. The Court declines, however, to strike SAI's answer, as it is unnecessary to the entry of default.

As a result of the foregoing, the Court *GRANTS IN PART* and *DENIES IN PART* CNH and ACE's motions, doc. ## 71 & 72. The Court orders that SAI's third-party complaint against ACE, doc. # 32, as well as its counterclaim against CNH, doc. ## 10 (original) & 30 (amended), be *DISMISSED* without prejudice. The Court *DENIES*, however, both parties' motions to strike SAI's answer to CNH's complaint. Doc. ## 71 & 72. Finally, the Clerk of the Court is *DIRECTED* to enter this case into default.

The Court notes, however, that these sweeping measures in no way end this case. This Order has not affected any of the pending claims pertaining to defendant Cleone Brown, who appeared *pro se* at the status conference. *See* doc. # 70. Moreover, CNH's cross-claim against co-counter-defendant ACE, doc. # 37, remains pending.

This day of 4 August 2009.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3