UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CNH CAPITAL AMERICA, LLC,

Plaintiff,

v.  608CV027

SOUTHEASTERN AGGREGATE, INC., and CLEONE B. BROWN,

Defendants,

v.

ATLANTIC COASTAL EQUIPMENT, LLC,

Third-Party Defendant.

## ORDER

In this breach of contract case, plaintiff CNH Capital America, LLC ("CNH") sued Southeastern Aggregate, Inc. ("SAI") and its guarantor Cleone Brown for breach of two security contracts. Doc. # 1. SAI and Brown answered and filed, *inter alia*, identical counterclaims against plaintiff CNH, alleging fraud and conspiracy.[1] Doc. ## 9, 10, 29, 30.

On 4/23/09, the Court granted a motion by counsel for Brown and SAI for leave to withdraw from his representation. Doc. # 61. A month later, counsel for CNH and ACE called to the Court's attention the fact that SAI had not yet secured replacement counsel. *See* doc. # 62 at 2 n.1. CNH and ACE expressed concern that, since SAI was a corporation and therefore could not proceed *pro se*, the parties' upcoming status conference may be hampered by SAI's lack of representation.[2] *Id.* at 1-2. The Court ordered SAI to find replacement counsel within ten days. *Id.* at 4. SAI failed to do so, and, as a result, on 6/18/09 the Court dismissed without prejudice all claims asserted by SAI and directed that SAI be entered into default with regards to all claims against it. Doc. # 73 at 3.

Presently before the Court is CNH's 8/25/09 request that the Clerk enter a default judgment against SAI pursuant to F.R.Civ.P. 55(b)(1). Doc. # 83. While Rule 55(b)(1) requires the Clerk, under certain circumstances, to enter a default judgment against a defendant, he may only enter such a judgment "against a defendant who has been defaulted *for not appearing*...." F.R.Civ.P. 55(b)(1) (emphasis added). Thus, as one commentator explains, Rule 55(b)(1) "applies only to parties who have never appeared in the action; it does not apply when a party appears and then merely fails to participate in some subsequent stage of the proceedings." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2683, at 24-25 (3d ed. 1998).

The subsequent subsection states that, "[i]n all other cases, the party must apply to the court for a default judgment." F.R.Civ.P. 55(b)(2). That provision specifically applies to the present situation, where "the party against whom a default judgment is sought has appeared personally or by a representative...." F.R.Civ.P. 55(b)(2). Thus, CNH may only seek entry

---

[1] Only CNH's claims against SAI are presently at issue. However, for the sake of clarity, the Court notes the other claims currently pending in this case: (1) CNH's claims against Brown for breach of contract and attorney's fees, doc. # 1; (2) Brown's conspiracy counterclaim against CNH and Atlantic Coastal Equipment ("ACE") (which Brown and SAI joined to this litigation on 10/2/08), *see* doc. ## 32, 37, 73; and (3) CNH's cross-claim against ACE, alleging breach of warranty, and requesting indemnity and attorney's fees, doc. # 37.

[2] Brown, on the other hand, as an individual, is not prohibited from proceeding *pro se*.

of a default judgment against SAI by application to the Court, pursuant to Rule 55(b)(2). Although CNH's motion is couched in terms of Rule 55(b)(1), for efficiency's sake, the Court will assess whether the motion satisfies Rule 55(b)(2).

Under F.R.Civ.P. 55(b)(2), the Court has the discretion to enter a judgment by default so long as: (1) it has previously entered default against the defendant; (2) it has personal jurisdiction over the defendant and subject-matter jurisdiction over the case; and (3) the complaint makes allegations for which the law can afford relief. *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). Furthermore, where the defendant has made an appearance, he must be served with notice of the motion for default judgment at least 3 days prior to the judgment's entry. F.R.Civ.P. 55(b)(2).

The Court declines to address the first three requirements, as it appears that the notice requirement has not been satisfied. The Court has thoroughly reviewed CNH's motion (which lacks a certificate of service), as well as the docket for this case, and has been unable to find any indication that SAI was given notice of the application for default judgment. In fact, the electronic receipt shows that notice of this filing was only electronically mailed to counsel for CNH and ACE, and no notice was delivered to any party (or any party's representative) using the U.S. Postal Service. Doc. # 83, CM-ECF Receipt. Thus, the Court finds that CNH has not satisfied F.R.Civ.P. 55(b)(2)'s preconditions to the entry of a default judgment.

For the foregoing reasons, CNH's present motion for default judgment as to SAI is *DENIED WITHOUT PREJUDICE*. Doc. # 83.

This day of 14 September 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA